Chittenden, J.
This action was begun to restrain further proceedings in the matter of the annexation of certain territory to the city of Toledo. On the 22d day of March, 1915, the city council of the city of Toledo passed an ordinance authorizing the annexation to the city of Toledo of certain territory, including West Toledo. Thereafter, on the 29th day of November, 1915, the city solicitor, having been aúthorized so to do, presented to the commissioners of Lucas county a map of the territory to be annexed, and the petition of the city of Toledo setting forth that under the ordinance ■ of ■ the council. the territory described in the ordinance was authorized to be annexed to the city, and praying for an order of the board of county commissioners for the annexation of such territory. On the hearing of the matter by the county commissioners on November 29th a resolution was passed authorizing such annexation, and on the same day a transcript of the proceedings of the commissioners, together with the petition and the map or plat thereto attached, was deposited in the office of the auditor of the city of Toledo, who placed the same on file.
The plaintiffs, being owners of land and taxpayers within the district proposed to be annexed, on behalf of • themselves and others, on the 28th day of January, 1916, filed their petition with the clerk of courts of Lucas county, in which they set forth the various proceedings had in the matter of the annexation of such territory, and set forth' *27 certain claimed errors by reason of which it was asserted that further proceedings should be enjoined, and they prayed for an order restraining the defendants, Albert W. Payne, clerk of the city of Toledo, and Peter J. Kranz, director of finance, from reporting the-petition, plat and transcript to the council of the city until after final hearing upon the petition, and they asked that upon such hearing the .injunction be made perpetual. A summons was issued upon the filing of the petition and was personally served upon the defendants on the same day.
On the 19th day of February, 1916, the defendants filed a motion to strike the petition from the files for the reason that said petition had not been presented to the court of common pleas, or a judge thereof, as required by law. This motion was heard on the 21st day of February, 1916, and granted, and judgment entered against the plaintiffs for costs. To this order the plaintiffs excepted and prosecuted error here to such action of the court.
The question presented involves a construction of several sections of the General Code. The proceedings for the annexation of territory are governed by sections of the General Code found in Chapters 2 and 3, Division 1, Title XII, Part First, of the General Code. Those chapters relate to the organization of villages and to the annexation of territory. That these sections must be construed together is not only apparent from the reading of the sections, but such is the holding of the supreme court in Shugars, Clerk, v. Williams et al., 50 Ohio St., 297, where it is said that these • *28 chapters “relating to the general subject of the creation of villages and hamlfets, and the annexation of territory to those already created, are to be treated, for the purpose of construction, as one act.” Provision for the annexation of territory is made under two heads: First, annexation upon application of citizens; and, second, annexation on application of the corporation. The proceedings taken „for the annexation of the territory known as West Toledo were under the latter head. The method of procedure is provided by Section 3561, General Code, as follows:
“When the petition is presented to the commissioners, like proceedings shall be had, in all respects, so far as applicable, as are required in case of annexation on application of citizens in this chapter.”
This is the only provision for procedure in the annexation of territory on application of the corporation. It is therefore necessary to ascertain what proceedings are required in annexation on application of citizens. This is found in Section 3549, General Code, which section, so far as it need be quoted, reads as follows:
“The petition shall be presented to the board of commissioners at a regular session thereof, and when so presented the same proceedings shall be had as far as applicable, and the same duties in respect thereto shall be performed by the commissioners and other officers, as required in case of an application to be organized into a- village under the provisions of this division.”
It therefore becomes necessary to recur to the provisions for the organization óf a village under *29 Chapter 2, which contains the only statutory provisions governing the procedure in such case. Section 3533, General Code, is as follows:
“When the petition is filed, the person filing it shall give notice thereof, in writing, to the recorder and the agent of the petitioners for the corporation. On receiving such notice, the recorder shall forthwith transmit to the clerk of the court where the petition for injunction is pending, all the papers relating to the matter on file in the recorder’s office, and in that event, no record of the papers shall be made by the recorder, or transcript certified by him, as hereinbefore provided, unless he receive a certificate from the clerk of the court, showing that the injunction has been denied.”
The petition in this case was filed by virtue of Section 3553, General Code, which is found under Chapter 3, relating to the annexation of territory, and is as follows:
“If, within sixty days from the filing of such transcript, map, or plat and petition in his office, the auditor or clerk receives notice from any person interested that he has presented to the court of common pleas, or a judge thereof, a petition- to enjoin further proceedings, he shall not report to the council such transcript, map, or plat and petition, until after the final hearing and disposition of the petition so presented to such court or judge.”
Section 3534, General Code, provides:
“The court or judge shall cause the petition to be filed and docketed in the office of the clerk of the courts, and shall hear the petition at such time *30 as he shall appoint, not less than twenty days from the filing thereof. ,* * *”
The single question presented for decision is whether or not the filing of the petition by the plaintiffs with the clerk of the courts is a compliance with Section 3553, which in effect provides that notice must be given' to the auditor or clerk that a petition for injunction has been “presented to the court of common pleas or a judge thereof” within sixty days from the filing of such transcript, map or plat and petition, in the office of the auditor or clerk.
The common pleas court held that the filing of the petition with the clerk of courts was not a compliance with the statute which required the petition to be presented to the common pleas court or a judge thereof. It will be observed that Section 3534 provides that the court or judge shall cause the petition' to be filed and docketed in the office of the clerk of the courts. The language quoted from Sections 3553 and 35.34 clearly shows a legislative intent that the petition shall be presented to the court or a judge, and that thereafter the judge or court shall cause the petition to be filed and docketed, and a filing with the clerk of courts, which would not necessarily bring the petition to the attention of the court or judge at the time of the filing, is not a compliance with the statutes.
It is perhaps unnecessary for this court to inquire into the purpose of thus legislating, but it is obvious that a petition, of which notice to the auditor or clerk of its presentation to the court of common pleas or a judge thereof shall operate, as an *31 injunction, should not be simply filed with the clerk and allowed to have this effect without first being brought to the attention of the court or a judge thereof. Furthermore, an intent to have a prompt disposition of the petition is evident, for Section 3534 also provides that the court shall, at'the same time that it causes the petition to be filed and docketed, fix a time for the hearing of the petition which shall be not less than twenty days from the filing thereof.
This same conclusion was reached by the circuit court in Hamilton county in the case of Ritter v. Falkinburg, 49 Bull., 277.
We think that a reading of these various statutes, which are to be construed as though they were one act, as held by the supreme court, makes it clear that the action of the court of common pleas was right in striking the petition from the files, and the judgment of that court will, therefore, be affirmed.
In what has been said we are not holding that, if the petition was filed with the clerk of the court but was in fact brought to the attention of the court within sixty days, that would not be a substantial compliance with the statute.

Judgment affirmed.

Richards, J., concurs.