## CRAFT v SCHAEFER

Ohio Appeals, 2nd Dist, Franklin Co

No 3333. Decided June 19, 1941

Wardlaw, Gertner & Armstrong, Columbus, for plaintiff-appellant.

Carl Gaeton Nappi, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order dismissing the petition of plaintiff on motion of defendant.

The facts essential to an appreciation of the legal question presented are that certain petitioners, acting under the authority of §3516, et seq., presented a certified transcript of the proceedings taken under statutory authority to the County Commissioners of Franklin County, together with the petition for incorporation of New Rome, Ohio, and maps and papers incident thereto. The transcript, petition, etc., were filed on September 11, 1940. On November 1, 1940, plaintiff, acting under §3532 GC, filed his petition praying that an injunction be issued restraining the Recorder from making a record of the proceedings and certifying the transcript. After the filing of the petition plaintiff, by his counsel on November 4, 1940, not-fied the defendant that he had filed his petition in the Court of Common Pleas of Franklin County, of date November 1, 1940, praying for the issuance of an injunction restraining the defendant from making a record of the proceedings for the incorporation of the village of New Rome and certifying transcript of such record.

On November 20, 1940, the plaintiff moved the court to set the cause down for hearing as provided by §3534 GC. Thereafter defendant moved to strike the petition "from the files for want of said application by petition being made to the Court of Common Pelas, or to a judge thereof". This motion was sustained and from this action this appeal is prosecuted. Three errors are assigned, but there is but one question presented, namely, was the plaintiff required under §3532 GC, to present his petition to the Court of Common Pleas or a judge thereof, as a prerequisite to the injunctive relief.

The appeal is prosecuted and briefs presented upon the hypothesis that the proceeding is exclusively statutory and that the rights of the parties are grounded upon the pertinent sections of Chapter 2 of Division 1 of the General Code relating to Incorporation of Municipal Villages and found in §§3516 GC, et seq., and particularly §§3532, 3533 and 3534.

**Section 3532** provides:

"Within sixty days from the filing of the papers by the county commissioners with the recorder, any person interested may make application by petition to the Court of Common Pleas, or, if during vacation, to a judge thereof, setting forth the errors complained of, or the inaccuracy of the boundaries or that the limits of the proposed corporation are unreasonably large or small, or that it is not right, just or equitable that the prayer of the petition presented to the board of commissioners be granted, or containing any or all of such averments and praying an injunction restraining the recorder from so making the record and certifying the transcript."

**Section 3534** provides:

"The court or judge shall cause the petition to be filed and docketed in the

## 550

office of the clerk of the courts, and shall hear the petition at such time as he shall appoint, not less than twenty days from the filing thereof. * * * "

Section 3533 provides:

"When the petition is filed, the person filing it shall give notice thereof, in writing, to the recorder and the agent of the petitioners for the corporation. On receiving such notice, the recorder shall forthwith transmit to the clerk of the court where the petition for injunction is pending, all the papers relating to the matter on file in the recorder's office, and in that event, no record of the papers shall be made by the recorder or transcript certified by him as hereinbefore provided, unless he receive a certificate from the clerk of the court, showing that the injunction has been denied."

Judge Randall who disposed of the motion, handed down a written decision which is before us. It is complete and we agree with the conclusion reached and the reasons therefor, and we could well adopt it without further comment. We will, however, make some observations which will in the main be repetitious of those found in the opinion of Judge Randall.

It is our opinion that upon the language of the sections which we have heretofore quoted, it becomes reasonably certain that it was the purpose and intention of the Legislature in promulgating the legislation that the first procedural step was the presentation of the application provided in §3532 to the Court of Common Pleas or a judge thereof. Filing the petition with the Clerk of Courts was not tantamount to making an application to the court. The filing of the petition may properly be accomplished only by the judge causing it to be filed and docketed as expressly provided in §3534 GC. The effect of the filing and docketing of the petition with the clerk of the courts is to enjoin the recorder from taking any further steps to make

the incorporation complete when notice is given to the recorder as provided in §3533 GC. There is significance in the requirement that the application be presented to the court because when the court acts by directing that the petition be filed, to all intents and purposes it is equivalent to the granting of a temporary restraining order. We are in agreement that a trial judge would have some latitude under §3532 as to the order that the petition be filed because of the effect of such an order.

The section sets out specifically and in detail the averments that are essential to the effectiveness of the petition to cause the injunctive relief to operate. It clearly appears that the application which is required by §3532 to be made by petition to the court is separate, distinct and different from the filing and docketing of the petition with the clerk of courts as set out in §3534, and the order of the judge or the court after presentation of the petition is a prerequisite to the filing and docketing of the petition with the clerk.

It will be noted that in this case the filing of the petition was not specifically drawn to the attention of any judge of the court until November 20, 1940, which was after the sixty days from the filing of the papers by the county commissioners with the recorder. There is further significance in the provision of §3534 that the court after ordering the petition filed shall fix a time for the hearing of the petition, not less than twenty days from the filing thereof. This implies that the court's attention will be drawn to the petition so that he may, upon its filing, fix the date for the hearing thereon. If the petition was not brought to the attention of the court and the injunctive effect of the filing of the petition would operate without any action by the court, the plaintiff would secure the benefit of injunctive relief without order of court and without check as to the time when the petition would be heard and determined.

The statutory provision in its entirety is procedural, its enactment is exclusively within legislative domain and the construction which we adopt and which was adopted by the trial judge conforms not only to the letter but to the spirit of the Code, as we interpret it.

Two cases are cited, both of which treat of §3553 relating to annexation of territory to municipal corporations and hold that the petition must be presented to a judge before filing with the clerk. The language of §3553 is similar to that of §3532 GC, and its construction, as made in the two cases cited is of value because many of the reasons supporting the judgment in the cited cases obtain in the instant case and the sections relating to incorporation and those providing for annexation of territory to municipal corporations are in the same title of the Code and have been held in **Shugars, Clerk v Williams, et, 50 Oh St 297**, to be in pari materia and therefore to be construed together. The cases cited are, **Ritter v Falkenberg, 49 O. L. B. 277**, a decision by the Circuit Court of Hamilton County, and **Hacker v Payne, 7 Oh Ap 25.**

The judgment will be affirmed.

GEIGER, PJ. and BARNES, J., concur.