EAGLE et, Plaintiffs-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4813. Decided August 26, 1952.

George B. Marshall, Columbus, for plaintiffs-appellants

Paul M. Herbert, Thomas W. Applegate, Columbus, for defendant-appellee, Ivan Latham.

## OPINION

By THE COURT.

This is a motion submitted by the defendant-appellee, Ivan Latham, in which the following orders are sought:

(1) That the supersedeas bond entered and approved by the Court of Common Pleas be set aside and held for naught, as the notice of appeal designates it as an appeal on questions of law and fact.

(2) That the order of the Court of Common Pleas staying the

execution of its judgment be set aside and held for naught for the reason that the appeal of plaintiffs-appellants is on questions of law and fact.

(3) In the alternative, if this Court finds that this appeal is on questions of law, then defendant-appellee moves the Court for an order to require the plaintiffs-appellants to proceed under the provisions of §§11879, 11880 and 11882 GC.

The record reveals that the action was instituted under the provisions of §3531 et seq., GC, seeking an order restraining the County Recorder from making a record of the proceedings brought to incorporate the village of "Laneview," and also from certifying the same to the Secretary of State as required by law.

The motion to dismiss the petition and that all proceedings had thereunder be quashed was sustained for the reason that an application by the petitioners to the Court of Common Pleas had not been made in conformity to the statute prior to the filing of the petition. Notice of appeal was duly filed and upon motion of the appellants the Court fixed the stay bond in the sum of $250.00. Although the notice of appeal designates the same as being on law and fact the appellants state in their brief that they have elected to treat their appeal as one on questions of law only. The appeal will therefore be so reduced with leave to perfect the same in accordance with Rule VII of this Court.

The appellants agree to the sustaining of branches 1 and 2 of the motion and it will be so ordered.

The third branch of the motion which seeks an order requiring the appellants to proceed under the provisions of §§11879, 11880 and 11882 GC, is not well taken and the same will be overruled. The appellee cites the case of Croll et al, v. Village of Franklin, 36 Oh St 316, which we think is not on all fours with the case at bar. In the cited case a temporary restraining order was sought in the reviewing court to enjoin any further action in the proceedings and which was the object of the original action to enjoin. The Court held that when such relief was sought the requirements of §5573 R. S. must be met. (The cited section is now §11879 GC.) But in our case appellants are not seeking any temporary relief but are standing upon that accorded to them under §3531 et seq, GC. This Court held in the case of Craft v. Schaefer, 34 Abs 548, that §3531 et seq, GC, establishes the procedure to be followed in such actions, which is the basis of the appellants' cause of action.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**EAGLE et, Plaintiffs-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.**

No. 4813. Decided February 9, 1953.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court sustaining the defendant's motion to dismiss the petition, strike the same from the files and to quash all proceedings previously had.

The record reveals that on February 15, 1952, all of the necessary documents, together with a certified transcript of the proceedings of the Township Trustees for the incorporation of certain territory in Clinton Township were filed with the defendant, Raymond E. Schaefer as Recorder for Franklin County; that on February 25, 1952, the plaintiffs, who are residents of and own property adjacent to the territory sought to be incorporated, filed their petition seeking to enjoin the Recorder from making a record of the proceedings and certifying the transcript thereof as provided by law. The bill of exceptions discloses that the petition was presented to Judge Joseph M. Harter on said date, who endorsed the following across the face of the same:

"Received this 25th day of February, 1952 at 1:55 P. M. Joseph M. Harter, Judge, Common Pleas Court, Franklin County, Ohio";
that Judge Harter thereupon orally instructed his bailiff to take said petition to the office of the Clerk of Courts of Franklin County, and direct said Clerk to file and docket said petition in his office, which was accordingly done; that on the same date the plaintiffs caused to be delivered to Raymond E. Schaefer and the agents of the petitioners for the incorporation a notice of the filing of the said petition.

The question presented is whether the proper procedural steps were taken to confer jurisdiction upon the Common Pleas Court. The appellees are contending that the requirements of §3532 et seq, GC, were not fulfilled in that the Court did not journalize an entry ordering the Clerk to file the petition and therefore the Court acquired no jurdisdiction over the subject matter of the action. The case of **Craft v. Schaefer, 34 Abs 548,** is cited wherein it was held that in a similar proceeding the mere filing of a petition with the Clerk of the Court is not tantamount to making an application to the Court and therefore the statutory requirements were not fulfilled.

The first sentence of §3534 GC provides:

"The Court or judge shall cause the petition to be filed and docketed in the office of the Clerk of Courts and shall hear the petition at such time as he shall appoint, not less than twenty days from the filing thereof."

In the case cited the Court says, page 550, that,

"We are in agreement that a trial judge would have some latitude under §3533 GC as to the order that the petition be filed because of the effect of such an order."

From this statement it is urged that the Court must act judicially upon receipt of the petition, which act requires journalization before it may become effective. We are in accord with this conclusion, if the Court has authority to exercise judicial discretion in allowing the petition to be filed. But we do not think the "latitude" extended to the Judge amounts to an exercise of judicial power. It is more in the nature of a ministerial act which he is required to perform under certain conditions, to wit, upon the seasonable filing of a petition regular upon its face. If these requirements do not obtain, the law imposed no duty upon him, but if they do he must act as directed by §3534 GC.

In 50 Corpus Juris Secundum, p. 561, it is said:

"The distinction between ministerial, judicial, and other official acts, seems to be that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but, where the act to be done, involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed merely ministerial. That which is ministerial does not become judicial in nature because a necessity may exist for the ascertainment of facts or conditions, on the existence or fulfillment of which performance becomes a clear and specific duty. * * *

"When the word 'judicial' is used in the sense of pertaining to the judiciary or the administration of justice, a judicial act may also be ministerial, since judicial tribunals are frequently charged with the performance of ministerial functions; and in some cases courts have said that it by no means follows that a duty is judicial because it is to be performed by a judge, for if in its performance he does not exercise the powers that appropriately appertain to his judicial office it is ministerial, and not judicial, although its performance requires the exercise of his judgment."

It is therefore our conclusion that Judge Harter was not acting judicially when he issued the order to the Clerk that the petition be filed; that in so doing he was performing a legal duty imposed upon him by statute.

The judgment will be reversed and cause remanded for further proceedings according to law.

WISEMAN, PJ, HORNBECK, J, concur.

**VAUGHN et, Plaintiff-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.**

No. 4816. Decided July 24, 1952.

Jesse G. Dickinson, Columbus, for plaintiffs-appellants.

Paul M. Herbert, Thomas W. Applegate, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

Submitted on motion of Ivan Latham seeking an order that he be made party defendant for the reason that he is a citizen and taxpayer in the County of Franklin, State of Ohio; that he is the owner of 136 acres of land within the boundaries of the proposed village of Laneview and therefore has an interest in the result of this litigation.

The record reveals that the action was instituted by certain residents of the proposed village to enjoin the County Recorder from making a record of the proceedings of the township trustees and certifying the same as provided by law.

A motion to dismiss the petition was sustained for the reason that the same was not brought within the time required by §3532 GC. It should be noted that Ivan Latham is not objecting to the incorporation of the proposed village, but favors the same and claiming that the delay in the incorporation is detrimental to his interests which are not protected by the appeal bond as he is not a party defendant. Since he is not seeking an injunction but rather the dismissal of the proceeding he

is not limited by §3532 GC as to the time in which he may become a party. Being the owner of 136 acres of land within the boundaries of the proposed village, and it appearing that his interest is adverse to that of the plaintiffs, we are of the opinion that under §11255 GC he should be made a party defendant.

In the case of **Rosenberg et al, v. Mehl et al, 37 Oh Ap 95**, the Court held that in a landowner's suit to have a zoning ordinance declared unconstitutional, the Court abused its discretion in overruling contiguous property owner's motion to be made a party defendant. We have the same legal principle presented here only with different facts but which we think are parallel.

The appeal being on law and fact it is proper that new parties be added upon good cause being shown.

The motion will be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## VAUGHN et, Plaintiff-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.

No. 4816. Decided August 26, 1952.

### OPINION

By THE COURT.

This is a companion case to that of Eagle et al, v. Schaefer et al, No. 4813, wherein the same questions are presented. The ruling here will be the same as in the companion case.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## VAUGHN et, Plaintiff-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.

No. 4816. Decided September 22, 1952.

### OPINION

By THE COURT.

Upon further consideration of the motion of defendant-appellee, Ivan Latham, filed on August 2, 1952, the Court is of the opinion that branches one and two should be overruled. As to the third branch we are of the opinion that this is a statutory proceeding and therefore is appealable only on law. The law and fact appeal will therefore be dismissed, but the case will be retained for determination on questions of law only. The appellants will be granted leave to perfect said appeal in accordance with Supplement to Rule VII of this Court

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**VAUGHN et, Plaintiff-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.**

No. 4816. Decided December 18, 1952.

**OPINION**

By THE COURT.

Submitted on motion of the defendant-appellee, Ivan Latham, seeking an order dismissing the appeal for failure to file bill of exceptions, assignments of error and brief in accordance with Supplement to Rule VII of this Court.

The record supports the grounds set forth and the motion will be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**EAGLE et, Plaintiffs-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.**

No. 4813. Decided July 24, 1952.

George B. Marshall, Columbus, for plaintiffs-appellants.

Paul M. Herbert, Thomas W. Applegate, Columbus, for defendant-appellee.

**OPINION**

By THE COURT.

This is a companion case to that of Vaughn et al, v. Schaefer, etc., No. 4816, in which the same relief is sought. The motion will be sustained for the reasons set forth in the above cited case.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**EAGLE et, Plaintiffs-Appellants, v. SCHAEFER, Recorder, Defendant-Appellee.**

No. 4813. Decided September 22, 1952.

**OPINION**

By THE COURT.

Upon further consideration of the motion of defendant-appellee, Ivan Latham, filed on August 2, 1952, the Court is of the opinion that branches one and two should be overruled. As to the third branch we are of the opinion that this is a statutory proceeding and therefore is appealable only on law. The law and fact appeal will therefore be dismissed, but the case will be retained for determination on questions of law only. The appellants will be granted leave to perfect said appeal in accordance with Supplement to Rule VII of this Court.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

No. 4869.   Decided February 9, 1953.

Paul A. Griffith, Harold G. Edwards, Columbus, for plaintiffs-appellants.

Paul M. Herbert, Thomas W. Applegate, Columbus, for defendant-appellee, Ivan Latham.

## OPINION

By THE COURT.

This is a companion case to that of Eagle et al, v. Schaefer, No. 4813, wherein the facts are identical, only the Court dismissed the petition for want of prosecution. It appears that the dismissal was ordered for the reason that the plaintiffs failed to comply with a court rule relating to the preparation of the entry journalizing the Court's order to the Clerk to file the petition. Since we have held in the Eagle case, supra, that an entry was not necessary, there is nothing in the record to support the order of dismissal.

The judgment will be reversed and cause remanded for further proceedings according to law.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.