MARKOS, Plaintiff, v. CAIN et, Defendant.

Common Pleas Court, Franklin County.

No. 191704. Decided April 25, 1955.

Butler, Addison & Werum, Barnhart & Wehr, Columbus, for plaintiff.
Chalmers P. Wylie, City Atty., Russell Leach, Asst. City Atty., Harrison Smith, Jr., Special Counsel, Columbus, for defendant.

## OPINION

By HARTER, J.

DEFENDANT'S DEMURRER TO PETITION—SUSTAINED.

As a preface to this opinion, this Branch of this Court wishes to have it distinctly understood that he is in no way passing upon the merits of this litigation; rather, we are now dealing solely with a problem of procedure.—It would, as we see it, be premature for us to attempt to decide the merits of this case on a "matter of law" basis.

The sole problem to which we are now directing our attention is whether plaintiff has adequately alleged in his petition in this case that he is "interested."

The petition states "The plaintiff says that he is an adult freeholder and a resident of Marion Township, Franklin County, Ohio, and is interested in and opposed to the annexation of the hereinafter referred to territory to the City of Columbus. * * *"

This allegation—"is interested in"—is, in effect, the allegation of a conclusion, not the allegation of an operative fact. It would be a proper allegation and would not be vulnerable to attack by a motion to strike if it were supported by operative facts alleged. See Munn v. Herriff, 2 Ohio Supplement 401. Without such supporting facts (and there are

none here) we must appraise the phrase "is interested in" alone and as a bare legal conclusion.

We have been unable to find any case law dealing with these very words but the Ohio Supreme Court did deal with a closely analogous situation in the case of DeWeese v. Security Savings Association (1933), 126 Oh St 480. We will quote from that per curiam opinion, page 480:

"This matter is before the court on general demurrer of Frank B. DeWeese, a defendant below, to the third cause of action of the petition of The Security Savings Association of Dayton, Ohio, plaintiff below"

* * *

p. 481: "The petition alleged, 'and it was provided in said latter deed of conveyance that the premises were conveyed subject to the mortgage of plaintiff, above set forth, which grantee (Frank B. DeWeese) assumed and agreed to pay as a part consideration therefor'

"The sole question presented here is: Is this allegation a legal conclusion or a statement of fact? If it is a legal conclusion, the demurrer should have been sustained. If a statement of fact, the demurrer was properly overruled."

* * *

"It is the opinion of the court that the allegations of the third cause of action are insufficient in law to create any liability in Frank B. DeWeese for the mortgage deed in question. The demurrer should have been sustained. * * *."

If the Supreme Court of Ohio could come to this conclusion on the allegations of that pleading, it is clear that we should come to a like cnclusion on the "is interested in" phrase now before us. We therefore hold that the defendant's demurrer must be sustained.

Leave will be granted to the plaintiff to file an amended petition. He may be able to allege supporting, operative facts as to his "interest" in this matter. If he does supply such operative facts, there will then be an opportunity afforded for careful consideration of the other legal problems mentioned by counsel for the defendant in their memoranda. Such consideration is unnecessary now.