ECKART ET AL., APPELLANTS, *v.* KROEGER, COUNTY RECORDER (RUFF, COUNTY RECORDER, SUBSTITUTED DEFENDANT), ET AL., APPELLEES.*

---

*Motion to certify the record overruled, June 8, 1960.

(No. 4988—Decided March 16, 1960.)

Messrs. *Amer, Cunningham & Schnur*, for appellants.

Mr. *John S. Ballard*, prosecuting attorney, and Mr. *Daniel B. Quillin*, for appellee Roy Ruff, county recorder.

Messrs. *Weick, Genovese & Schreiner*, for appellees Joseph Poticny and Gilbert A. Hartz.

HUNSICKER, J. This is an appeal on questions of law and fact from a judgment which struck from the files a petition that sought to enjoin the defendant county recorder from "receiving, filing, recording and certifying the transcript, petition and map" of the proposed village of Fairlawn, Summit County, Ohio. The petition was, by such judgment, dismissed. We must consider this as an appeal on questions of law only, since no bond was filed as required by Section 2505.06, Revised Code.

The facts are stipulated by counsel for the parties, which stipulations it is not necessary to set out at length herein.

It is admitted that the petition to enjoin the proceedings, with respect to the proposed village of Fairlawn, was filed with the Clerk of the Common Pleas Court of Summit County on December 24, 1959. This petition was not filed with the Court of Common Pleas, or with a judge thereof, prior to that date, and the petition was not ordered filed in the office of the clerk of courts by a judge, although on December 29, 1959, a conversation was had with the judge to whom the case was assigned for hearing. The time limit set out in Section 707.11, Revised Code, for the filing of a petition to enjoin a proposed village incorporation, has now expired.

The sole question before us is whether the trial court was correct in its determination that the petition so filed did not meet the mandatory requirements of the statute, and hence that

court did not acquire jurisdiction to hear the matter set out therein.

Section 707.11, Revised Code, provides, in part:

"Within sixty days from the filing of the papers relating to the incorporation of villages * * * with the county recorder * * *, any person interested may make application by petition to the Court of Common Pleas, or, if during vacation, to a judge thereof, setting forth the errors complained of * * *, and praying an injunction restraining the recorder from so making the record and certifying the transcript."

Section 707.13, Revised Code, provides, in part:

"The Court of Common Pleas shall cause the petition provided for by Section 707.11 of the Revised Code to be filed and docketed in the office of the Clerk of the Court of Common Pleas, and shall hear the petition at such time as it appoints, not less than twenty days from the filing thereof."

The right to object to the incorporation of a village is directed and controlled by statute. In that respect it is not an ordinary civil action, but a special proceeding. The manner in which the action shall be commenced, the nature of the complaint, and the kind of objections that will prevent the incorporation have all been detailed by the Legislature.

It should also be noted that the notice to the recorder, required by Section 707.12, Revised Code, that a petition has been filed under Section 707.11, Revised Code, acts as an injunction without any formal order of court or the giving of bond, as required in other cases.

We believe the provisions set out in Sections 707.11 and 707.13, Revised Code, to be mandatory. Where a statute grants a right, such as we have herein, the mode prescribed to exercise that right is mandatory. *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.*, 147 Ohio St., 147, 70 N. E. (2d), 93; *Ohio Valley Electric Ry. Co.* v. *Hagerty, Aud.*, 14 Ohio App., 398.

In *Craft* v. *Schaefer*, 34 Ohio Law Abs., 548, 38 N. E. (2d), 434, wherein the problem of proper filing of a petition to enjoin an incorporation was considered, the court said, at page 550:

"It is our opinion that upon the language of the sections which we have heretofore quoted, it becomes reasonably certain that it was the purpose and intention of the Legislature in

promulgating the legislation that the first procedural step was the presentation of the application provided in Sec. 3532 to the Court of Common Pleas or a judge thereof. Filing the petition with the clerk of courts was not tantamount to making an application to the court. The filing of the petition may properly be accomplished only by the judge causing it to be filed and docketed as expressly provided in Sec. 3534 GC. The effect of the filing and docketing of the petition with the clerk of the courts is to enjoin the recorder from taking any further steps to make the incorporation complete when notice is given to the recorder as provided in Sec. 3533 GC. There is significance in the requirement that the application be presented to the court because when the court acts by directing that the petition be filed, to all intents and purposes it is equivalent to the granting of a temporary restraining order. We are in agreement that a trial judge would have some latitude under Sec. 3532 as to the order that the petition be filed because of the effect of such an order."

We believe the pronouncement made by Judge Hornbeck in that case to be correct, for it follows a similar pronouncement by the Court of Appeals for Lucas County in *Hacker* v. *Payne*, 7 Ohio App., 25, the syllabus of which says:

"Section 3553, General Code, requires a petition to enjoin further proceedings in the annexation of territory to a municipality to be presented to the Court of Common Pleas or a judge thereof, and the filing of a petition for that purpose with the Clerk of the Court of Common Pleas is not a compliance with the statute, and it is not error to grant a motion to strike such petition from the files."

It is our conclusion that the trial court did not err when it granted the motion to strike the petition herein from the files and dismissed the action.

The judgment must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.

(Decided April 11, 1960.)

SUPPLEMENTAL OPINION.

*Per Curiam.* At the time of the oral argument of this case, the transcript of docket and journal entries did not show that

a supersedeas bond had been filed by the appellants; hence the statement in the former opinion that the appeal on questions of law and fact would be dismissed for failure to file such a bond.

Since that time, the appellants have filed a supplemental transcript, showing that they did, on February 8, 1960, file a supersedeas bond.

Notwithstanding the filing of this bond, the court is still of the opinion that the appeal on questions of law and fact will have to be dismissed, but for the reason that the judgment below was upon a procedural question rather than upon the merits of the case.

The court therefore adheres to its former decisions that the appeal on questions of law and fact will, *sua sponte*, be dismissed, the cause retained as an appeal on questions of law, and that the judgment below should be affirmed.

*Judgment accordingly.*

DOYLE, P. J., STEVENS and HUNSICKER, JJ., concur.

*Motion to certify the record overruled, March 16, 1960.