Toll et al., Appellants, v. Schaeffer et al., Appellees.*

---

*Motion to certify the record overruled, May 3, 1961.

222

(No. 738—Decided December 5, 1960.)

*Mr. C. L. Severs*, for appellants.

*Mr. John W. Lehrer, Mr. W. G. Schwer* and *Mr. Wm. H. Smith*, for appellees.

FESS, J. On motion of appellees, the appeal taken herein on questions of law and fact was dismissed upon the ground that there was no trial involving an issue of fact in the Common Pleas Court and the appeal was reduced to one on questions of law. The parties stipulated that the transcript of the proceedings in the Common Pleas Court incident to dismissing the petition should be treated as a bill of exceptions and leave was granted appellants to file a brief and assignments of error. Therefore, this cause comes on for determination as an appeal on questions of law.

Plaintiffs filed their petition in the Common Pleas Court pursuant to the provisions of Chapter 709 of the Revised Code, seeking to enjoin the Clerk of the City Commission of the city of Sandusky and the City Solicitor thereof from reporting to the commission of the city a transcript of the proceedings of the board of county commissioners, map and petition with respect to the annexation of Perkins Township to the city of Sandusky.

In compliance with the provisions of Section 709.07, Revised Code, the petition was initially presented to the Common Pleas Court, which ordered that the petition be docketed and filed with the clerk thereof. See *Hacker* v. *Payne*, 7 Ohio App., 25, and *Eckart* v. *Kroeger, County Recorder*, 111 Ohio App., 32. The capacity of the plaintiffs to bring the proceeding has not been attacked. Cf. *Markos* v. *Cain*, 78 Ohio Law Abs., 560, 146 N. E. (2d), 890.

Although the City Treasurer and ex officio Auditor of the city of Sandusky was not made a party defendant, formal written notice by counsel for the plaintiffs of the filing of the petition was served upon the aforesaid clerk and city solicitor and also upon the city treasurer of said city. Furthermore, upon praecipe therefor, service was had upon each of the three officials. Such service, however, did not necessarily make the city treasurer a party defendant. Motions to dismiss said clerk and city solicitor as parties defendant and a motion to dismiss the petition for want of necessary parties were filed. After the filing of the aforesaid motions and prior to the granting thereof, plaintiffs filed a motion for leave to substitute the Treasurer of the city of Sandusky in lieu of the clerk as a party defendant, and also a motion for leave to make the treasurer a defendant.

Thereafter the cause came on for hearing upon the aforesaid motions and the court found that the treasurer and ex officio auditor of the city was a necessary party to any full and final determination of the cause, that he had not been made a party defendant and that said treasurer had been notified as required by the provisions of Section 709.07, Revised Code, and that the court might not, after the expiration of the 60-day period prescribed in said section, sustain the motion of plaintiffs to make him a party to the proceeding, and overruled the motion. The entry further recites that accordingly the court had no alternative but to sustain the motions of the defendants, the necessary effect of which would be the dismissal of the cause. It was therefore adjudged that the motions of the defendants be sustained and the cause be dismissed. From the foregoing judgment, plaintiffs appeal.

Pursuant to its charter, the city of Sandusky has adopted a "Commission-Manager Plan" of government consisting of a commission of five of its citizens. Section 9 of the charter provides for the appointment of a clerk who shall be known as the clerk of the city commission and who shall keep a record of the proceedings of such commission and perform such other duties as may be prescribed by the charter or by the commission.

Section 18 of the charter creates a department of finance and audits to be headed by an officer known as the city treasurer to be appointed by the commission, to hold office at the

pleasure of the commission. It also provides, *inter alia*, that the city treasurer shall perform such other duties as may be required of him by the city commission, as well as such as may be required of city treasurers and city auditors by the general law of the state applicable to municipalities.

In the case of *Nielsen et al.* v. *Breining*, decided by this court without opinion in 1956, we affirmed a judgment of the Common Pleas Court holding that the city treasurer, as ex officio auditor, was a proper defendant in an injunction case brought pursuant to Section 709.07, Revised Code.[1]

The proceeding for annexation of Perkins Township was instituted by an ordinace adopted by the city commission pursuant to the provisions of Sections 709.13 to 709.21, Revised Code. The ordinance provided that the city solicitor be authorized to prosecute the necessary proceedings to effect such annexation. Pursuant to such ordinance, the petition for annexation was presented to the commissioners of Erie County, accompanied by a map of the territory. Thereafter, upon certification by the county commissioners to the board of elections, an election was held on November 3, 1959, resulting in a vote of 1028 of the electors of the township in favor of and 828 against said proposition. Thereafter, after notice and several hearings, on May 12, 1960, the commissioners, by a unanimous vote, granted the petition and ordered that the certified transcript of the orders and proceedings relative to the petition and hearing thereon, together with the petition and map attached there-

---

[1] In the opinion of Judge Russell H. Kear, of Wyandot County, sitting by assignment in Erie County, the following is stated:

"The evidence also revealed that Carl F. Breining is the City Treasurer of the city of Sandusky, Ohio, and not the Auditor or Clerk of the city of Sandusky, Ohio. The statutes provide that a transcript of the proceeding of the county commissioners be presented to the auditor or clerk of the municipality to which territory is to be annexed. Mr. Breining testified, and the city charter so provides, that the commission of the city can require other duties to be performed by the city treasurer such as the duties of an auditor or clerk. Mr. Breining testified he was required by the commission to perform these duties. Technically, the city of Sandusky, Ohio, has no auditor or clerk, but the court feels the important thing to be considered is whether or not the transcript is presented to the commission for proper consideration by someone authorized to perform this function, and it seems that Mr. Breining has been properly designated by the commission to perform this function."

to, be deposited forthwith with the auditor of the city of Sandusky. Thereafter, the transcript of the proceedings, etc., were delivered to Lynn J. Rosino, city treasurer.

The proceeding for annexation was instituted by the city of Sandusky pursuant to the provisions of Sections 709.13 to 709.21, Revised Code and the city solicitor was designated as agent for such purpose.

Section 709.16, Revised Code, provides that when a petition for annexation of contiguous territory by a municipality is presented to the board of county commissioners, proceedings shall be had in all respects, so far as applicable, as are required by Sections 709.02 to 709.12, inclusive. It might be contended that the proceedings referred to in this section are limited exclusively to the proceedings before the county commissioners and that therefore no provision is made for the institution of an injunction pursuant to the provisions of Section 709.07, Revised Code. On the other hand, were this limited construction intended, there would have been no need for the reference to Sections 709.02 to 709.12 in Section 709.16.

It follows that the petition for injunction in the instant case is authorized by implication by Section 709.07, Revised Code, which provides:

"If, within sixty days from the filing of the transcript, map or plat, and petition in his office as required by Section 709.03 of the Revised Code, the auditor or clerk of the annexing municipal corporation receives notice from any person interested that such person has presented a petition to the Court of Common Pleas to enjoin further proceedings, such auditor or clerk shall not report to the legislative authority such transcript, map or plat, and petition, until after the final hearing and disposition of such petition."

The injunction provided by that section is a statutory special proceeding. *Eckart* v. *Kroeger, County Recorder*, 111 Ohio App., 32.

Determination of the question presented upon this appeal necessarily involves the interpretation of the provisions of Section 709.07, Revised Code. For more than half a century, that portion of the Municipal Code dealing with annexation made no reference to the auditor of a municipality but imposed

the duties therein prescribed merely upon the clerk of a city or incorporated village. See 66 Ohio Laws, pp. 264-266, Sections 679-689, which were incorporated as Sections 1589 to 1598 of the Revised Statutes. Sections 1589 to 1598, Revised Statutes, remained unchanged until the adoption of the General Code of 1910, in which revision for the first time the auditor, in addition to the clerk of a municipal corporation, was included. Sections 3548 to 3555, General Code.

It is the contention of the city that the provisions of Section 709.07, Revised Code, should be construed so as to draw a distinction between an auditor of a city and the clerk of a village, inasmuch as an auditor of a city performs like duties to those performed by the clerk of a village. With this contention, we are unable to agree. This section, as well as others, refers in the alternative to "the auditor or clerk of the annexing municipal corporation" and makes no distinction between villages and cities. Accordingly, as above indicated, the insertion of the auditor in addition to the clerk of a municipality crept into the 1910 General Code and in the absence of any authority tending to disclose an otherwise intention, the language employed in Section 709.07, Revised Code, and other sections of the Annexation Chapter referring to the auditor *or* clerk of a municipality must be construed in the alternative, thus permitting the transcript of the proceedings before the county commissioners to be transmitted either to the auditor or the clerk of a municipality. Our decision in affirming the judgment in *Nielsen* v. *Breining, supra*, should not be construed as holding that the city treasurer was exclusively the only necessary party defendant.

Unfortunately, Section 709.07, Revised Code, merely authorizes by implication the filing of the statutory injunction proceeding and fails to prescribe, except by inference, the officials of the annexing municipality against whom the action is required to be brought. It may be observed that out of abundant caution the municipality itself could be made the party defendant and service had upon the president of the commission as provided by Section 2703.10, Revised Code. Usually, however, these statutory injunction actions have been brought either against the auditor or clerk of the municipality. In Franklin

County, for example, many actions attacking annexation of territory have been instituted against the Clerk of the City Council of Columbus and no question has been raised as to the capacity of such clerk to be sued. Furthermore, the statute refers to a petition to enjoin further proceedings. Absent the filing of the petition, the next step in the proceedings as required by Section 709.04, Revised Code, is for the auditor or clerk of the municipal corporation to lay the transcript before the legislative authority. It is to be noted that upon acceptance of the proposed annexation, additional duties are imposed upon the auditor or clerk of the municipality. Section 709.06, Revised Code. Presumably the certification of the acceptance would be made by the clerk of the city commission rather than the city treasurer. It is further contended that the defendant Schaeffer is clerk of the city commission and not clerk of the municipal corporation. In the absence of any other official designated as clerk, in our opinion the clerk of the city commission is the clerk of the municipality, as the term is meant in Section 709.07, Revised Code, and other sections of the annexation chapter of the Code. This conclusion is consistent with our holding in the *Nielsen case*, that the City Treasurer of Sandusky is the auditor of the municipality, as the term is meant in Chapter 709 of the Revised Code.

Inasmuch as the city solicitor was authorized to prosecute the annexation proceedings, he may not be a necessary party but it cannot be said that he is an improper party. After all, the municipality is the real party in interest.

It is therefore concluded that the clerk of the city commission, as well as the city solicitor, were proper parties to defend the action and that it was timely commenced within the 60-day period provided by law; that the judgment should be reversed and the cause remanded to the Common Pleas Court with directions to overrule the motions to dismiss the clerk and city solicitor and the motion to dismiss the action.

From the evidence adduced upon the motions, it appears that the transcript of the proceedings was delivered to the city treasurer and not to the clerk, so that an injunction to restrain the clerk from reporting to the legislative authority might prove ineffective. Therefore, the city treasurer becomes a proper

party and pursuant to the provisions of Sections 2307.19 and 2309.58, Revised Code, leave should be granted plaintiffs to make such official an additional party defendant.

Application has been made by the defendants to the court for leave to withdraw the original transcript of the proceedings before the commissioners introduced by defendants at the hearing on the motions and to substitute copies therefor. Such application is denied, without prejudice to making a similar application to the Common Pleas Court upon remand thereto for further proceedings.

Judgment reversed and cause remanded to the Court of Common Pleas for further proceedings in accordance with this opinion and according to law.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.