118

WALKER *v.* SERROTT, CITY CLERK.

[Cite as Walker v. Serrott, 13 Ohio Misc. 118.]

(No. 225208—Decided January 18, 1966.)

Court of Common Pleas of Franklin County.

*Mr. Henry Clay Scott*, for plaintiff.
*Mr. John C. Young*, city attorney, for defendant.

MARSHALL, J.   On December 16, 1965, defendant filed his motion to strike plaintiff's petition from the files, for

the reason that said petition was not filed in accordance with law.

While defendant in his memorandum suggests that the issues raised by the petition herein have become moot, we will consider only the reason stated in the motion.

The petition filed in this case on November 22, 1965, prays for a permanent injunction against defendant as Clerk of the city of Columbus, and seeks to prohibit him from transmitting to the Columbus City Council a transcript of the proceedings of the Board of County Commissioners of Franklin County in the matter of the petition of A. J. Merrick et al., for annexation to the city of Columbus of some 2,413 acres of land in Sharon and Perry Townships.

The application for annexation filed by A. J. Merrick et al, was made by a petition addressed to the County Commissioners of Franklin County on June 24, 1965, pursuant to the provisions of Section 709.02, Revised Code, one of the sections found in Chapter 709: Annexation; Detachment. It was accompanied by an accurate map of the territory sought to be annexed. On September 30, 1965, the county commissioners filed their transcript with the Columbus City Clerk, showing their granting of the prayer of the annexation petition.

Section 709.07, Revised Code, reads as follows:

"If, within sixty days from the filing of the transcript, map or plat, and petition in his office as required by Section 709.03, Revised Code, the auditor or clerk of the annexing municipal corporation receives notice from any person interested that such person has presented a petition to the court of common pleas to enjoin further proceedings, such auditor or clerk shall not report to the legislative authority such transcript, map or plat, and petition, until after the final hearing and disposition of such petition."

The plaintiff in the instant case filed his petition within said sixty-day period, assertedly under the provisions of Section 709.07, Revised Code, to enjoin further proceedings as to said annexation of the 2413 acres of land in Sharon

and Perry Townships. The filing was accomplished by presenting the petition to the Franklin County Clerk of Courts at 1:45 p. m. on November 22, 1965, and at the same time plaintiff filed his praecipe with said clerk, directing the clerk to issue summons and a copy of the petition and notice of his application for injunction to the Sheriff of Franklin County for service on the City Clerk of Columbus. The sheriff's return filed November 26, 1965, shows that the sheriff personally served the city clerk on November 24, 1965, with said writ and with certified copies of the petition and notice of application for injunction to be heard in this court on January 18, 1965, at 9:00 a. m.

Since defendants' motion seeks to have the court strike plaintiff's petition from the files for the reason that said petition was not filed in accordance with law, we must determine if this contention is right or wrong.

Plaintiff claims he effectively complied with Section 709.07, Revised Code, and: "has presented a petition to the court of common pleas to enjoin further proceedings," by filing his petition with the clerk of courts, the usual way one files a petition in the Common Pleas Court of this county.

Defendant points out that a petition to enjoin annexation proceedings is not an ordinary petition but is one authorized by statute with particular requirements for its filing, found in Section 709.07, Revised Code, and also by the terms of Section 709.03, Revised Code, by Sections 707.11 and 707.13, Revised Code.

Plaintiff at the oral hearing conceded that he did not literally present his petition "to the court of common pleas," other than through the clerk of the Franklin County Courts. He did not attempt to comply with the provisions of Section 707.11, Revised Code—

"* * * any person interested may make application by petition to the court of common pleas, or, if during vacation, to a judge thereof."

Plaintiff in his petition complained that the county commissioners failed to find that notice of hearing had been given as required by Section 707.05, Revised Code. Plain-

tiff also included as errors complained of several of the errors mentioned in Section 707.11, Revised Code.

Plaintiff did not attempt to have the Common Pleas Court comply with that portion of Section 707.13, Revised Code, which reads:

"The court of common pleas shall cause the petition provided for by Section 707.11 of the Revised Code to be filed and docketed in the office of the clerk of the court of common pleas, * * *."

Section 709.09, Revised Code, reads in part as follows:

"If the court of common pleas enjoins the auditor or clerk of a municipal corporation from making the report to the legislative authority, a certified copy of the order enjoining the report shall immediately be forwarded by the clerk of the court of common pleas to the auditor or clerk of the municipal corporation, * * *."

Plaintiff did not attempt to seek a temporary injunction from the court when he filed his petition on November 22, 1965. Said petition prayed only for a permanent injunction. He asserts he relied on the provisions of Section 709.07, Revised Code, to serve as a temporary restraining order. It is his contention that when the Columbus City Clerk was served with notice from plaintiff, an interested person, that plaintiff had presented a petition to the Court of Common Pleas to enjoin further proceedings, such clerk was effectively prevented from reporting the transcript and other documents to the city council until after the final hearing and disposition of said petition by operation of said statute.

If plaintiff, under the provisions of Section 709.09, Revised Code, had obtained an order from the Common Pleas Court enjoining the Columbus City Clerk from making the report to city council, referred to in Section 709.07, Revised Code, and a certified copy of said order had been forwarded by the clerk of the court to the Columbus City Clerk for filing with the transcript and petition, further proceedings for annexation would have been effectively and completely stopped. The obtaining of such an order would be proof in itself that the Common Pleas Court had been

presented with a petition to enjoin the annexation proceedings which had been filed by an interested party, and no person could effectively raise a question as to irregular filing under the provisions of Sections 709.07, 707.11 or 707.13, Revised Code. However, no such order was sought or obtained by the plaintiff in the instant case.

At the oral hearing on the motion to strike, it was represented on behalf of plaintiff that plaintiff had informed more than one judge of this court that he intended to oppose the proposed annexation proceedings and was told to go ahead, or words to that effect. How he proceeded is recited above.

We hold that since plaintiff did not proceed to obtain an injunction order under Section 709.09, Revised Code, after filing his petition as contemplated under Section 709.07, Revised Code, he elected to file and proceed under Section 709.07, Revised Code, as supplemented under procedures set forth in Sections 707.11 and 707.13, Revised Code, made applicable by Section 709.03, Revised Code. In other words, plaintiff could present his petition to enjoin annexation proceedings to the Court of Common Pleas under Section 709.07, Revised Code, found in the chapter on annexation, but was bound to proceed in such matter as directed by Section 709.03, Revised Code, by using applicable provisions as to procedure found in the chapter on Incorporation, Sections 707.01 to 707.30 inclusive, Revised Code. The sections in said chapter applicable to filing are Sections 707.11 and 707.13, Revised Code.

In order for the petition of plaintiff to effectively enjoin the Columbus City Clerk from reporting the annexation documents for annexation to Columbus City Council, and thus enjoin further annexations proceedings, plaintiff must comply with the statutory requirements for presentation of his petition to the court, as required both by Section 709.07, Revised Code, and by Section 707.11, Revised Code. Only in Section 707.11, Revised Code, is contained the requirements of errors plaintiff may complain of if he wishes to prevent further consideration of pending annexation proceedings.

If plaintiff properly makes application by petition to the Court of Common Pleas under Section 707.11, Revised Code, the court has the duty under Section 707.13, Revised Code, to cause the petition to be filed and docketed in the office of the clerk of courts, and to appoint a time for hearing thereon twenty or more days thereafter. As heretofore stated, plaintiff did not make application by petition to the Court of Common Pleas as provided by Section 707.-11, Revised Code. The plaintiff did not request the court under Section 707.13, Revised Code, to cause his petition to be filed and docketed in the office of the clerk of courts. He did not request the court to appoint a date for hearing on the petition twenty or more days after the filing of the petition.

We must therefore hold that when plaintiff filed his petition on November 22, 1965, with the clerk of courts, he did not comply with Sections 709.07, 707.11 and 707.13, Revised Code, and such filing did not operate as a statutory injunction against the Columbus City Clerk to prevent his reporting of the annexation proceedings to the Columbus City Council, even though plaintiff caused a copy of his petition and a copy of his notice for a hearing before the Common Pleas Court on his petition to be served on the defendant.

We are supported as to various aspects of our rulings by decisions from other courts.

In the case of *Hacker* v. *Payne*, 7 Ohio App. 25, decided June 19, 1916, by the Court of Appeals of Lucas County, Ohio, the court held that Section 3553, General Code (which later became Section 709.07, Revised Code), required that a petition to enjoin further proceedings in the annexation of a territory be presented to the Court of Common Pleas or a judge thereof, and that the filing of a petition with the clerk of courts was not a compliance with the statute, and that it was not error for the court to grant defendants' motion to strike such petition from the files.

In an appeal in an incorporation case the Court of Appeals of Summit County, Ohio, in the case of *Eckart* v. *Kroeger*, 111 Ohio App. 32, decided March 16, 1960, held

that the filing of a petition to enjoin an incorporation under Sections 707.11 and 707.13, Revised Code, with the clerk of courts was not in compliance with said statutes. It held that the right to object to incorporation of a village was directed and controlled by statute, as a special proceeding and was not an ordinary civil action. It affirmed the trial court's ruling which sustained a motion to strike the petition objecting to the incorporation from the files.

In the case of *Craft* v. *Schaefer*, 34 Ohio Law Abs. 548, decided by the Court of Appeals for the second district, which included Franklin County, Ohio, on June 19, 1941, the court considered an appeal in an incorporation case. It ruled that a person seeking an injunction under Sections 3532, 3533 and 3534, General Code (now Sections 707.11, 707.12 and 707.13, Revised Code), must present his application to the Common Pleas Court or a judge thereof, and that merely filing the petition with the clerk of courts was not tantamount to making an application to the court. It also ruled that the application required by Section 3532, General Code (now Section 707.11, Revised Code), by way of a petition to the court, was distinct from the filing and docketing of the petition with the clerk of courts, as set out in Section 3534, General Code (now Section 707.13, Revised Code), and that the order of the judge or court after presentation of the petition is prerequisite to the filing and docketing of the petition with the clerk. In the opinion of Judge Hornbeck, at pages 550 and 551, the judge made these pertinent remarks:

"It will be noted that in this case the filing of the petition was not specifically drawn to the attention of any judge of the court until November 20, 1940, which was after the sixty days from the filing of the papers by the county commissioners with the recorder. There is further significance in the provision of Section 3534 that the court after ordering the petition filed shall fix a time for the hearing of the petition, not less than twenty days from the filing thereof. This implies that the court's attention will be drawn to the petition so that he may, upon its filing, fix the date for the hearing thereon.

If the petition was not brought to the attention of the court and the injunctive effect of the filing of the petition would operate without any action by the court, the plaintiff would secure the benefit of injunctive relief without order of court and without check as to the time when the petition would be heard and determined.

"The statutory provision in its entirety is procedural, its enactment is exclusively within legislative domain and the construction which we adopt and which was adopted by the trial judge conforms not only to the letter but to the spirit of the code, as we interpret it.

"Two cases are cited, both of which treat of Sec. 3553, relating to annexation of territory to municipal corporations and hold that the petition must be presented to a judge before filing with the clerk. The language of Section 3553, is similar to that of Section 3532, General Code, and its construction, as made in the two cases cited is of value because many of the reasons supporting the judgment in the cited cases obtain in the instant case and the sections relating to incorporation and those providing for annexation of territory to municipal corporations are in the same title of the Code and have been held in *Shugars, Clerk* v. *Williams et*, 50 Ohio St. 297, to be in pari-materia and therefore to be construed together. The cases cited are, *Ritter* v. *Falkenberg*, 49 Ohio Law Bul. 277, a decision by the Circuit Court of Hamilton County, and *Hacker* v. *Payne*, 7 Ohio App. 25."

We believe special statutory requirements for challenging proposed proceedings of Incorporation and of annexation should be clear and complete. The provisions of Chapter 707 on Incorporation, and of Chapter 709 on Annexation; Detachment, leave something to be desired with respect to guiding persons who desire to challenge proposed actions on these two subjects. Parallel procedures may be confusing especially when procedures in one chapter are incorporated into another chapter by reference "as far as applicable" (See Section 709.03, Revised Code). If the Legislature in its wisdom sees fit to enact laws which pro-

vide certain acts to constitute legislative injunction, without the necessity of careful consideration by a court and the requirement of a decision and an order made by him after passing on requirements for the making of such order, it should be certain the proper steps are outlined to allow a contestor to follow those steps. And if an alternate method is permissible, it should be simply authorized and set forth so that a contestor may know the rules, and follow them, without the necessity of seeking court decisions of interpretation of the statuory procedures.

Nevertheless, in the instant case we must hold that plaintiff in this case did not first present his petition to the court prior to its filing and docketing with the clerk of court, as required by statute. The petition was not properly filed and did not constitute a statutory injunction against the Columbus City Clerk, even though plaintiff caused a copy of his notice for a hearing before the Common Pleas Court on his petition to be served on the defendant.

The court sustains defendants' motion to strike the petition from the files. Exceptions to this ruling may be reserved to plaintiff in the entry to be presented to the court in conformity with its rulings.